■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARQUIDIO LAZALA, Appellant.—Judgment, Supreme Court, New York County (Joan Sudolnik, J.), rendered November 17, 1988, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, and sentencing him to an indeterminate term of imprisonment of 4½ to 9 years and time served, unanimously affirmed.

Whether the accused acted as an agent of the buyer is a question of fact for the jury, and that determination, made "on broad grounds not susceptible of meticulous definition" (People v Roche, 45 NY2d 78, 87), will not be disturbed where defendant's connection to his co-defendant is supported by sufficient evidence. Among other things, defendant's willing

acceptance of payment from the undercover officer, despite the co-defendant's concern that the area was "hot", established that defendant was not a mere agent.

We also find no merit to defendant's claim that the trial court improperly denied his motion to suppress. At the hearing, defendant argued that he was seized "on a shred," but the relative distinctiveness of his clothing and that of his co-defendant establishes that the arresting officer acted on descriptions of sufficient detail. *(People v Bruce,* 78 AD2d 169, 173.) Concur—Carro, J. P., Milonas, Ellerin, Kupferman and Rubin, JJ.